THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS; and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW WHEELER, in his official capacity as Acting Administrator of the U.S. Environmental Protection Agency; and CHRIS HLADICK, in his official capacity as Regional Administrator of the U.S. Environmental Protection Agency, Region 10,<br><br>Defendants. | NO:  18-1803 TSZ<br><br>**DEFENDANT-INTERVENOR STATE OF ALASKA'S REPLY IN OPPOSITION TO PLAINTIFF'S RESPONSE** |

Defendant-Intervenor State of Alaska respectfully submits its Reply to Plaintiff's Opposition to its Motion to Intervene.

Plaintiffs do not oppose any of the substantive grounds upon which the State seeks intervention as of right or, alternatively, permissive intervention. The only issue raised by Plaintiffs is whether the State's motion is timely. The factors to be considered regarding timeliness weigh in the State's favor. There is no precedent finding intervention on similar facts to be untimely, and there is no dispute that the State has a legitimate and personal

DEF'T-INTERVENOR STATE OF ALASKA'S REPLY
(No. 18-1803 TSZ) - 1

GASPICH LAW OFFICE PLLC
1000 Second Avenue, Suite 3330
Seattle, WA  98104
Tel.  (206) 956-4204
Fax:  (206) 956-4214

interest in the legal issue presented in this lawsuit. The State would suffer substantial prejudice if its motion is denied, whereas any prejudice to Plaintiffs is minimal or non-existent.  Accordingly, the State's motion to intervene was timely and should be granted.

## DISCUSSION

### 1. Legal Standard

When examining the relevant facts in context, the State's motion is timely.[1] Plaintiffs correctly identify the three factors to consider when deciding whether intervention is timely: (1) the stage of the proceedings, (2) prejudice to existing parties, and (3) the length of and reason for delay.[2]  They also correctly note that these factors apply to both intervention as of right and permissive intervention.[3]  The timeliness requirement for intervention as of right, however, "should be treated more leniently than for permissive intervention . . . ."[4] Moreover, requests to intervene as of right should be construed liberally, accepting as true the well-pled allegations in the motion.[5] The timeliness factors are addressed seriatim.

### 2. Stage of the Proceedings

This factor looks at how far a case has progressed by the time intervention is sought. The Ninth Circuit has denied intervention "where granting intervention might have compromised long-litigated settlement agreements or delicate consent decrees."[6] But no Ninth Circuit case has denied intervention in a case involving a single, core legal issue when a settlement was merely proposed, *i.e.*, not finalized, within six months of the case's inception,

---

[1] *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) ("Timeliness is determined by the totality of the circumstances facing would-be intervenors . . . .").
[2] *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).
[3] *Id.*
[4] *United States v. Or*egon [hereinafter *Oregon I*], 745 F.2d 550, 552 (9th Cir. 1984); *see also League of United Latin Am. Citizens*, 131 F.3d at 1308.
[5] *See* Dkt. 22 at 7, n. 24–26.
[6] *United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004).

DEF'T-INTERVENOR STATE OF ALASKA'S REPLY
(No. 18-1803 TSZ) - 2

**GASPICH LAW OFFICE PLLC**
1000 Second Avenue, Suite 3330
Seattle, WA  98104
Tel.  (206) 956-4204
Fax:  (206) 956-4214

before any discovery or substantive motion practice took place.[7] That is the case here. The early stage of proceedings weighs in favor of intervention.

3.  Prejudice to Existing Parties

Plaintiffs misstate both the nature the "prejudice to existing parties" factor and the weight it should be afforded in a timeliness analysis.

First, there is no bright-line rule establishing prejudice as "*the* most important factor."[8]

Second, the inquiry should weigh the prejudice not only to Plaintiffs, but also to *the movant* if intervention is denied.[9]  The Ninth Circuit has noted that the timeliness inquiry demands a "nuanced, pragmatic approach."[10]  A pragmatic approach would consider the "balance of harms" between the movant (if intervention is denied) and the existing parties (if intervention is granted).[11]  This is consistent with the principle that timeliness should be treated more leniently for movants who otherwise qualify for intervention as of right.[12]

Third, Plaintiffs' alleged prejudice is not a result of the perceived "untimeliness" of the State's motion, but rather is an inherent consequence of adding another party to the litigation.  Plaintiffs argue that allowing the State to intervene and be heard may delay

---

[7]  In 2004, the *Alisal Water Corp.* decision, the Ninth Circuit highlighted three informative cases: *County of Orange v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 658 (9th Cir.1978); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

[8]  Dkt. 25 at 6, *citing Oregon I*, 745 F.2d at 552, *citing* 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1916 (1972). Just because prejudice "has been termed 'the most important consideration,'" *Oregon I*, 745 F.2d at 552, does not mean it *definitively is* the most important factor in all cases. *See United States v. State of Oregon*, 913 F.2d 576, 588 (9th Cir. 1990) (calling prejudice "one of" the most important factors), *citing Oregon I*, 745 F.2d at 552; *see also Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999) (calling prejudice "a second important factor").

[9]  7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1916 (3d ed., April 2019 Update).

[10]  *League of United Latin Am. Citizens*, 131 F.3d at 1303.

[11]  C. Wright & A. Miller, *supra* note 9, § 1916, *citing R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F.3d 1 (1st Cir. 2009).

[12]  *See supra* notes 4 and 5.

DEF'T-INTERVENOR STATE OF ALASKA'S REPLY
(No. 18-1803 TSZ) - 3

GASPICH LAW OFFICE PLLC
1000 Second Avenue, Suite 3330
Seattle, WA  98104
Tel.  (206) 956-4204
Fax:  (206) 956-4214

improvements in air quality.[13] That goes to participation: if the State had joined the case from the beginning, EPA's finding would still likely be delayed, due to motion practice or negotiation. Any delay from the State's joinder is irrelevant under the timeliness analysis.[14]

Plaintiffs' only argument specific to the prejudice that would be attributable to any "delay" in the filing of this motion is flawed. Plaintiffs argue that granting intervention will cause EPA to delay its finding of failure to submit the SIP, which, in turn, will delay the State's completion of the SIP and therefore improvement of air quality. Intervention, however, will not assuredly cause EPA to delay its finding on the State's failure to submit a SIP. EPA can make a finding at any time, entirely independent of this lawsuit. Also, the proposed consent decree's tentative (and unreasonable) date for issuance of a finding, July 8, 2019, is not firmly set, as Plaintiffs have indicated the date may be moved.[15]

Plaintiffs argue that EPA will not issue a finding absent a court order. Their position, however, is based on the assumption that EPA does not have discretion to delay issuing a finding about failure to submit a SIP. Plaintiffs ask the Court to accept their assumption without any substantive briefing and to find prejudice on that basis. No law supports such a request. If Plaintiffs are *incorrect* about EPA's discretion, then delaying the finding would produce *no* prejudice because EPA would be acting under its lawful discretion.

---

[13]   Such a concern, although legitimate, does not automatically make intervention improper. *See Alisal Water Corp*, 370 F.3d at 923 (denying intervention, in part, because intervention could delay efforts to "ensure safe drinking water," but also noting, in the prejudice analysis, that the movant sought "to intervene in the remedies phase of a case that has been litigated for four years"). No single fact or factor is determinative – the totality of the circumstances must be considered. *Los Angeles Unified Sch. Dist.*, 830 F.3d at 854.

[14]   *Los Angeles Unified Sch. Dist.*, 830 F.3d at 857 (finding "'the relevant issue is not how much prejudice would result from allowing intervention, but rather how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case'"), *quoting Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977).

[15]   Dkt. 25 at 6, n. 5.

DEF'T-INTERVENOR STATE OF ALASKA'S REPLY
(No. 18-1803 TSZ) - 4

**GASPICH LAW OFFICE PLLC**
1000 Second Avenue, Suite 3330
Seattle, WA 98104
Tel. (206) 956-4204
Fax: (206) 956-4214

The true source of Plaintiffs' alleged prejudice is delay in development of the SIP, but adding the State to this litigation has no bearing on State's work on the SIP. Litigation of this case and development of the SIP will proceed simultaneously. The State has been diligently working on the Serious SIP for the past two years and is approaching the final stages, with the current public comment period ending on July 26, 2019. The SIP will soon issue regardless of whether EPA issues the Plaintiffs' requested finding.

Moreover, it is purely speculative that the relief Plaintiffs seek—issuance of a failure to submit finding by EPA—will alleviate their alleged prejudice. EPA's issuance of a finding would give the State another 18 months to complete the SIP. Thus, any delay in completion of the SIP would not be attributable to a delay in EPA's finding unless the State takes more than 18 months from July 8, 2019 to complete the SIP. Moreover, the "delay" in filing the current motion does not *at all* impact progress of the SIP.

In summary, the prejudice, if any, that Plaintiffs may experience as a result of the alleged untimeliness of the State's motion is minor. When balanced against the prejudice the State would experience if intervention is denied, this factor weighs in favor of intervention.

4. <u>Length of and Reason for Delay</u>

The perceived "delay" in filing the motion to intervene was reasonable. "[T]he crucial date in assessing the timeliness of an intervention motion is the date that the applicant should have been aware [its] interest[s] would no longer be protected adequately by the parties."[16] It only became clear on June 4, 2019, when EPA published notice of the proposed consent decree, that EPA would not stand behind the State's position. The timeliness clock should start from that day.

---

[16] *League of United Latin Am. Citizens*, 131 F.3d at 1304 (internal quotation marks and citation omitted).

DEF'T-INTERVENOR STATE OF ALASKA'S REPLY
(No. 18-1803 TSZ) - 5

**GASPICH LAW OFFICE PLLC**
1000 Second Avenue, Suite 3330
Seattle, WA  98104
Tel.  (206)  956-4204
Fax:  (206)  956-4214

Before such notice, the State had reason to believe EPA would adequately protect its interests. Although EPA's and the State's interests are not identical, there is significant overlap. EPA relies on the State to implement the Clean Air Act, conserving federal resources.[17] Thus, EPA had incentive to exercise its discretion to not issue a finding and to defend that position during this litigation. There also is a practical reason for the EPA to do so: Fairbanks presents a unique attainment issue since woodstoves are the primary source of pollution. Regulating utilities, for example, would likely only increase use of the woodstoves. Form and speed should not be elevated over function for Fairbanks' air quality and SIP.

With notice of the proposed consent decree on June 4, 2019, and the attendant proposal for EPA to issue its finding merely three days (*including the weekend*) after the consent decree comment period closed, however, the State became concerned that EPA had in-fact come to value form over function. In other words, EPA's and the State's interests diverged because EPA was no longer defending its own discretion and the State's autonomy.[18] The State filed its motion approximately one week later.

The existing parties' prior filings did not give rise to constructive knowledge that EPA would abandon the position it shared with the State. The mere notice of intent to file a citizen suit in October 2018, and the actual filing of the suit on December 14, 2018 were wholly ambiguous on that point. The substance of the negotiations between EPA and Plaintiffs was also unclear until the notice of the proposed consent decree on June 4, 2019.[19] This, coupled with an unreasonable deadline for making EPA's finding, placed the State on notice that EPA would not vigorously defend its discretion.

---

[17] Indeed, out of comity, EPA does not oppose the State's intervention.
[18] *See Marsh*, 194 F.3d at 1052 (identifying a similar argument that "could constitute a proper explanation for delay" had the movant raised it in the trial court).
[19] *See Alisal Water Corp.*, 370 F.3d at 922, (discussing the *Forest Conservation Council* decision).

DEF'T-INTERVENOR STATE OF ALASKA'S REPLY
(No. 18-1803 TSZ) - 6

**GASPICH LAW OFFICE PLLC**
1000 Second Avenue, Suite 3330
Seattle, WA 98104
Tel. (206) 956-4204
Fax: (206) 956-4214

There was no "substantial delay" in filing here. At *most* it was six months, but it was really just eight days. The delays in the cases that Plaintiffs rely on were much longer than the delay under either timeline here. Accordingly, this factor supports intervention.

## CONCLUSION

For the reasons discussed herein and in its motion to intervene, Defendant-Intervenor State of Alaska's Motion to Intervene should be GRANTED.

DATED this 28th day of June, 2019.

| | |
|---|---|
| GASPICH LAW OFFICE PLLC | KEVIN G. CLARKSON<br>ATTORNEY GENERAL |
| s/ *Anthony J. Gaspich*<br>Anthony J. Gaspich, WSBA No. 19300<br>1000 Second Avenue, Suite 3330<br>Seattle, WA 98104<br>Tele (206) 956-4204<br>Email: tony@gaspichwilliams.com<br><br>Attorneys for Defendant-Intervenor<br>State of Alaska | s/ *Emma Pokon*<br>Emma Pokon (Alaska Bar No. 1011112)<br>Senior Assistant Attorney General<br>1031 W. 4th Avenue, Suite 200<br>Anchorage, AK 99501<br>Tele (907) 269-5100<br>Email: emma.pokon@alaska.gov<br><br>Attorneys for Defendant-Intervenor<br>State of Alaska |

DEF'T-INTERVENOR STATE OF ALASKA'S REPLY
(No. 18-1803 TSZ) - 7

**GASPICH LAW OFFICE PLLC**
1000 Second Avenue, Suite 3330
Seattle, WA  98104
Tel.  (206) 956-4204
Fax:  (206) 956-4214

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which will send notification of such filing to the Court's electronic mailing list recipients as follows:

- Erik Grafe
  egrafe@earthjustice.org
- Kristen L. Boyle
  kboyles@earthjustice.org
- Jeremy C. Lieb
  jlieb@earthjustic.org
- Sheila Baynes
  sheila.baynes@usdoj.gov
- Anthony J Gaspich
  tony@gaspichwilliams.com,  deborah@gaspichwilliams.com
- Emma Pokun
  emma.pokon@alaska.gov

There are no manual recipients listed.

DATE: June 28, 2019.

           *s/ Anthony J. Gaspich*
Anthony J. Gaspich, WSBA No. 19300
1000 Second Avenue, Suite 3330
Seattle, WA 98104
Tel.:  (206) 956-4204
Fax.:  (206) 956-4214
Email:  tony@gaspichwilliams.com

DEF'T-INTERVENOR STATE OF ALASKA'S REPLY
(No. 18-1803 TSZ) - 8

GASPICH LAW OFFICE PLLC
1000 Second Avenue, Suite 3330
Seattle, WA  98104
Tel.  (206) 956-4204
Fax:  (206) 956-4214