UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS; and SIERRA CLUB,

Plaintiffs,

v.

ANDREW WHEELER, in his official capacity as Acting Administrator of the U.S. Environmental Protection Agency; and CHRIS HLADICK, in his official capacity as Regional Administrator of the U.S. Environmental Protection Agency, Region 10,

Defendants.

C18-1803 TSZ

ORDER

THIS MATTER comes before the Court on putative Defendant-Intervenor State of Alaska's Motion to Intervene, docket no. 22, and the parties' Fourth Stipulated Motion to Hold Briefing Schedule in Abeyance, docket no. 27. Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

ORDER - 1

IT IS HEREBY ORDERED that the State of Alaska's ("State") Motion is GRANTED as a matter of permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). The Court finds that (1) there is an independent ground for jurisdiction under 28 U.S.C. § 1331; (2) the State's motion is timely; and (3) the State's proposed defenses share common questions of law and fact with the main action.

Defendants Andrew Wheeler and Chris Hladick ("EPA") do not oppose the State's motion. Plaintiffs oppose the motion on the sole ground that it is untimely. "In determining whether a motion for intervention is timely, [this Court must] consider the following three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. Marsh*, 194 F.3d 1045, 1050 (9th Cir. 1999) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)).

**I.     Stage of the Proceedings**

Here, the case has not yet proceeded to the consideration of the merits. Plaintiffs and the EPA have agreed to a proposed consent decree that would set an enforceable 18-month deadline for the State to submit a complete serious area State Improvement Plan ("SIP"), with specific consequences if the State fails to meet the deadline. *See* Proposed Consent Decree, Clean Air Act Citizen Suit, 84 Fed. Reg. 25,803 (June 4, 2019); 42 U.S.C. § 7509(a), (b). Although the EPA has answered the complaint and has published a proposed consent decree for public comment, little else has been filed and nothing has been adjudicated in the instant action. The first factor therefore supports the timeliness of the State's motion.

## II. Prejudice to the Parties

Granting the State's motion to intervene may cause some prejudice to the existing parties in the form of additional delay in the resolution of the matter. Specifically, Plaintiffs suggest that air quality in Fairbanks may remain unhealthy for a longer period if the State's intervention delays the development of a compliant SIP or the imposition of a Federal Improvement Plan ("FIP") if the State fails to develop a compliant SIP. Plaintiffs have brought multiple lawsuits over the past decade against EPA and the State regarding particulate matter pollution in the Fairbanks area (*see Citizens for Clean Air v. McCarthy*, No. 16-1594 (W.D. Wash. Oct. 11, 2016); *Citizens for Clean Air v. McCarthy*, No. 16-857 (W.D. Wash. June 9, 2016); *Citizens for Clean Air v. McCarthy*, No. 14-610 (W.D. Wash. April 24, 2014)), so in a sense this dispute is long-running and further delays should be avoided. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) (affirming denial of intervention in heavily litigated case because "intervention could complicate and delay long standing efforts by the United States to ensure safe drinking water").

However, the delay resulting from the State's intervention, if any, is likely to be short. *Cf. League of United Latin Am. Citizens*, 131 F.3d at 1304 (upholding denial of intervention where movant "waited twenty-seven months before seeking to interject itself into the case . . . at a time when the litigation was, by all accounts, beginning to wind itself down," but also "recogniz[ing] . . . that additional delay is not alone decisive (otherwise every intervention motion would be denied out of hand because it carried with it, almost be [sic] definition, the prospect of prolonging the litigation"). Even under the

terms of the proposed consent decree, the State will have eighteen months to produce a compliant SIP. On the other side of the ledger, excluding the State is likely to result in prejudice to the State's interests given the potential for fines and other sanctions under the proposed consent decree. *See Alisal*, 370 F.3d at 923 (observing that "to the extent relevant, the prejudice to the [moving party] from being denied intervention is ameliorated by the fact that the district court" left other opportunities for relief open to the moving party).

### III. Reasons for the Delay

"[T]he crucial date in assessing the timeliness of an intervention motion is the date that the applicant should have been aware [its] interest[s] would no longer be protected adequately by the parties." *League of United Latin Am. Citizens*, 131 F.3d at 1304 (internal quotation marks omitted). "[A]ny substantial lapse of time weighs heavily against intervention." *Id.* The State has provided a reasonable explanation for the 6-month delay in seeking intervention since this case was filed. The State claims that it was not until June 4, 2019 when the proposed consent decree was published that it "became clear . . . that EPA would not stand behind the State's position." State's Reply, docket no. 26, at 5. Plaintiffs counter that the State should have been on notice that its interests might not be protected since October 2018 when Plaintiffs served a 60-day notice of intent to sue. *See* Pltfs.' Opp., docket no. 25, at 7. Whether the State was on notice at the time the proposed consent decree was published or as far back as Plaintiffs' pre-litigation notice letter, there has not been a "substantial lapse of time" comparable to the delays in other cases denying intervention. *See, e.g.*, *Alisal*, 370 F.3d at 922-23

(upholding denial of motion where movant knew interests might be adversely affected at time complaint was filed but waited until the "remedies phase of a case that has been litigated for four years" to seek intervention); *League of United Latin Am. Citizens*, 131 F.3d at 1301, 1304 (affirming denial of motion filed twenty-seven months after complaint, eighteen months after other groups had successfully intervened); *Orange County v. Air California*, 799 F.2d 535 (9th Cir. 1986) (affirming denial of motion filed after filing of proposed settlement "after five long years of litigation"). Here, the delay was, at most, several months after the moving party was arguably on notice of potential adverse impacts.

**IV. Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant-Intervenor State of Alaska's Motion to Intervene, docket no. 22, is GRANTED. The Clerk is DIRECTED to update the case caption accordingly.

(2) Defendant-Intervenor State of Alaska is ORDERED to file its answer on or before Friday, July 26, 2019.

(3) The parties' Fourth Stipulated Motion to Hold Briefing Schedule in Abeyance, docket no. 27, is GRANTED. Plaintiff's Motion for Summary Judgment is due on August 14, 2019 and shall be noted for consideration on October 4, 2019. Defendants' Response and Cross-Motion for Summary Judgment is due on September 6, 2019. Plaintiff's Reply and Response is due on September 20, 2019. Defendants' Reply is due on October 4, 2019.

(4) The parties are ORDERED to file a Joint Status Report on or before Friday August 2, 2019, addressing whether any further modifications to the case schedule are warranted in light of the Court granting the State of Alaska's motion to intervene.

(5) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 16th day of July, 2019.

Thomas S. Zilly
United States District Judge

ORDER - 6