THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS; and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW WHEELER, in his official capacity as Acting Administrator of the U.S. Environmental Protection Agency; and CHRIS HLADICK, in his official capacity as Regional Administrator of the U.S. Environmental Protection Agency, Region 10,<br><br>Defendants. | NO: 18-1803 TSZ<br><br>**DEFENDANT-INTERVENOR STATE OF ALASKA'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant-Intervenor State of Alaska, as and for its Answer to the Plaintiffs' Complaint, alleges and avers as follows.

**INTRODUCTION**

1. The assertions in Paragraph 1 of the Complaint describe Plaintiffs' claims, and thus require no response.

2. The State admits the assertion in the first sentence of Paragraph 2. The remaining assertions in Paragraph 2 characterize Federal Register notices and regulations that speak for

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT
(No. 18-1803 TSZ) - 1

**DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Tel. (907) 269-5274

themselves and are the best evidence of their content. The State denies the assertions in Paragraph 2 to the extent those assertions are inconsistent with the Federal Register notices and regulations cited.

3. The assertion in Paragraph 3 characterizes a Federal Register notice that speaks for itself and is the best evidence of its content. To the extent a response is required, the State admits the assertion in Paragraph 3, but notes that EPA designated a only portion of the Fairbanks North Star Borough (FNSB) as a nonattainment area with respect to the 2006 24-hour National Ambient Air Quality Standards ("NAAQS") for particles with an aerodynamic diameter less than or equal to a nominal 2.5 micrometers ("PM-2.5"), not the entire Borough. 40 C.F.R. § 81.302.

4. The assertions in Paragraph 4 characterize data represented in Exhibit 1 to the Complaint. Exhibit 1 to the Complaint speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 4 to the extent those assertions are inconsistent with the data presented in Exhibit 1 to the Complaint.

5. The first sentence of Paragraph 5 states a legal conclusion to which no response is required. With respect to the second sentence of Paragraph 5, the State admits that previous suits have been filed in this Court relating to Clean Air Act deadlines for the FNSB nonattainment area. However, whether EPA missed deadlines is, in part, a question of law to which no response is required.

6. The assertions in the first and second sentences of Paragraph 6 state legal conclusions to which no responses are required. With respect to the third sentence of Paragraph 6, the State admits that a Serious SIP has not yet been submitted to EPA. The assertions in sentences four, five, and six of Paragraph 6 state legal conclusions to which no responses are

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT
(No. 18-1803 TSZ) - 2

**DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Tel. (907) 269-5274

required. The assertion in the seventh sentence of Paragraph 6 states a legal conclusion to which no response is required; to the extent a response is required, the State admits that EPA did not issue a completeness finding by the date Plaintiffs filed the Complaint.

7. The assertions in Paragraph 7 state Plaintiffs' reasons for the current action, and thus require no response.

## JURISDICTION

8. The assertions in Paragraph 8 state legal conclusions and thus require no response.

## NOTICE

9. With respect to the first sentence of Paragraph 9, the State lacks knowledge or information sufficient for form a belief about the truth of the assertions regarding the date that the EPA received notice of the claim stated in this action. The State admits the assertion in the second sentence of Paragraph 9.

## VENUE

10. The assertions in Paragraph 10 state legal conclusions and thus require no response.

## PARTIES

11. The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 11.

12. The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 12.

13. The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 13.

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT
(No. 18-1803 TSZ) - 3

**DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY
GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Tel. (907) 269-5274

14. The assertions in Paragraph 14 are legal conclusions that do not require a response. To the extent a response is required, the State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 14.

15. The assertion in the first sentence of Paragraph 15 states Plaintiffs' characterization of the Complaint, and thus requires no response. To the extent a response is required, the State admits the assertion. The second sentence of Paragraph 15 states a legal conclusion to which no response is required.

16. The assertion in the first sentence of Paragraph 16 states Plaintiff's characterization of the Complaint, and thus requires no response. To the extent a response is required, the State admits the assertion. The assertions in the second sentence of Paragraph 16 states a legal conclusion to which no response is required.

## STATUTORY FRAMEWORK

17. The assertions in Paragraph 17 characterize and quote the Clean Air Act and associated legislative history, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 17 to the extent those assertions are inconsistent with the Clean Air Act and associated legislative history.

18. The assertions in Paragraph 18 characterize and quote the Clean Air Act and a judicial opinion, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 18 to the extent those assertions are inconsistent with the Clean Air Act or the judicial opinion.

19. The assertions in Paragraph 19 characterize and quote the Clean Air Act, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 19 to the extent those assertions are inconsistent with the Clean Air Act.

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT
(No. 18-1803 TSZ) - 4

**DEPARTMENT OF LAW**
**OFFICE OF THE ATTORNEY GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska  99501
Tel.  (907) 269-5274

20.     The assertions in Paragraph 20 characterize and quote the Clean Air Act, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 20 to the extent those assertions are inconsistent with the Clean Air Act.

21.     The assertions in Paragraph 21 characterize and quote a regulation, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 21 to the extent those assertions are inconsistent with the regulation cited or the Clean Air Act.

22.     The assertions in Paragraph 22 characterize and quote the Clean Air Act, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 22 to the extent those assertions are inconsistent with the Clean Air Act.

23.     The assertions in Paragraph 23 characterize and quote the Clean Air Act and a judicial opinion, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 23 to the extent those assertions are inconsistent with the Clean Air Act or the judicial opinion.

24.     The assertions in Paragraph 24 characterize and quote the Clean Air Act and a regulation, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 24 to the extent those assertions are inconsistent with the Clean Air Act or the regulation cited.

25.     The assertions in Paragraph 25 characterize and quote the Clean Air Act, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 25 to the extent those assertions are inconsistent with the Clean Air Act. To the extent the assertions in Paragraph 25 state legal conclusions, they do not require a response.

## STATEMENT OF FACTS

26.     The State admits the assertions in Paragraph 26 but notes that PM-2.5 is defined

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT
(No. 18-1803 TSZ) - 5

**DEPARTMENT OF LAW**
**OFFICE OF THE ATTORNEY GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska  99501
Tel.  (907) 269-5274

as particles with an aerodynamic diameter less than or equal to a nominal 2.5 micrometers.

27. The assertions in Paragraph 27 characterize data represented in Exhibits 3 and 4 to the Complaint. The Exhibits speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 27 to the extent those assertions are inconsistent with the data presented in Exhibits 3 and 4 to the Complaint.

28. The assertions in Paragraph 28 characterize Federal Register notices, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 28 to the extent they are inconsistent with the Federal Register.

29. The assertions in Paragraph 29 characterize information in Exhibit 1 to the Complaint, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 29 to the extent those assertions are inconsistent with the data presented in Exhibit 1 to the Complaint.

30. The assertions in Paragraph 30 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 30 to the extent they are inconsistent with the Federal Register.

31. The assertions in Paragraph 31 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 31 to the extent the assertions are inconsistent with the Federal Register notice.

32. The assertions in Paragraph 32 characterize and quote the Clean Air Act, a Federal Register notice, and a judicial opinion, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 32 to the extent the assertions are inconsistent with the Clean Air Act, the Federal Register notice, or the judicial opinion.

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT
(No. 18-1803 TSZ) - 6

**DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY
GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska  99501
Tel.  (907) 269-5274

33. The State admits the assertions in Paragraph 33.

34. The assertions in Paragraph 34 characterize and quote a Federal Register notice and a Consent Decree, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 34 to the extent the assertions are inconsistent with the Federal Register notice cited or the Consent Decree.

35. The assertions in Paragraph 35 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 35 to the extent the assertions are inconsistent with the Federal Register Notice.

36. The assertion in Paragraph 36 states a legal conclusion to which no response is required.

37. The assertions in Paragraph 37 state legal conclusions to which no response is required.

38. The State admits the assertions in Paragraph 38.

39. The assertion in Paragraph 39 states a legal conclusion to which no response is required.

40. The assertion in Paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, the State admits that EPA did not issue a completeness finding by June 30, 2018 or by the date Plaintiffs filed the Complaint.

**CLAIM FOR RELIEF**

41. The State responds to the assertions realleged in Paragraph 41 in the same manner as the State responded in Paragraphs 1 through 40, herein.

42. The assertion in Paragraph 42 states a legal conclusion to which no response is required.

43. The State admits the assertion in Paragraph 43.

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT
(No. 18-1803 TSZ) - 7

**DEPARTMENT OF LAW**
**OFFICE OF THE ATTORNEY GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Tel. (907) 269-5274

44. The assertion in Paragraph 44 states a legal conclusion to which no response is required.

45. The assertion in Paragraph 45 states a legal conclusion to which no response is required.

46. The assertion in Paragraph 46 states a legal conclusion to which no response is required.

47. The assertion in Paragraph 47 states a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

48. The assertion in Paragraph 48 is a prayer for relief to which no response is required. To the extent a response is required, the State denies that Plaintiffs are entitled to such relief.

49. The assertion in Paragraph 49 is a prayer for relief to which no response is required. To the extent a response is required, the State denies that Plaintiffs are entitled to such relief.

50. The assertion in Paragraph 50 is a prayer for relief to which no response is required. To the extent a response is required, the State denies that Plaintiffs are entitled to such relief.

51. The assertion in Paragraph 51 is a prayer for relief to which no response is required. To the extent a response is required, the State denies that Plaintiffs are entitled to such relief.

52. The assertion in Paragraph 52 is a prayer for relief to which no response is required. To the extent a response is required, the State denies that Plaintiffs are entitled to such

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT (No. 18-1803 TSZ) - 8

**DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Tel. (907) 269-5274

relief.

## GENERAL DENIAL

The State of Alaska denies any allegation in the Complaint not specifically admitted herein.

## DEFENSES

The Plaintiffs have failed to state a claim for which relief may be granted.

## RESERVATION OF RIGHTS

The State of Alaska reserves the right to seek to amend its Answer, including the addition of defenses, as additional information is obtained through further investigation or discovery.

DATED this 26th day of July, 2019.

| | |
|---|---|
| GASPICH LAW OFFICE PLLC | KEVIN G. CLARKSON<br>ATTORNEY GENERAL |
| s/ *Anthony J. Gaspich*<br>Anthony J. Gaspich, WSBA No. 19300<br>1000 Second Avenue, Suite 3330<br>Seattle, WA 98104<br>Tele (206) 956-4204<br>Email: tony@gaspichwilliams.com<br><br>Attorneys for Defendant-Intervenor<br>State of Alaska | s/ *Emma Pokon*<br>Emma Pokon (Alaska Bar No. 1011112)<br>Senior Assistant Attorney General<br>1031 W. 4th Avenue, Suite 200<br>Anchorage, AK 99501<br>Tele (907) 269-5100<br>Email: emma.pokon@alaska.gov<br><br>Attorneys for Defendant-Intervenor<br>State of Alaska |

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT (No. 18-1803 TSZ) - 9

**DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Tel. (907) 269-5274

# CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which will send notification of such filing to the Court's electronic mailing list recipients as follows:

- **Erik Grafe**
  egrafe@earthjustice.org
- **Kristen L. Boyle**
  kboyles@earthjustice.org
- **Jeremy C. Lieb**
  jlieb@earthjustic.org
- **Sheila Baynes**
  sheila.baynes@usdoj.gov
- **Anthony J Gaspich**
  tony@gaspichwilliams.com, deborah@gaspichwilliams.com
- **Emma Pokon**
  emma.pokon@alaska.gov

There are no manual recipients listed.

DATE: July 26, 2019.

s/ *Emma Pokon*
Emma Pokon (Alaska Bar No. 1011112)
Senior Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Tele  (907) 269-5100
Email: emma.pokon@alaska.gov

Attorneys for Defendant-Intervenor
State of Alaska

DEF'T-INTERVENOR STATE OF ALASKA'S ANSWER TO COMPLAINT (No. 18-1803 TSZ) - 10

**DEPARTMENT OF LAW OFFICE OF THE ATTORNEY GENERAL**
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska  99501
Tel.  (907) 269-5274