# EXHIBIT A

SHEILA BAYNES
sheila.baynes@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C. 20004
Tel. (202) 514-2617

*Attorney for Defendants*

[additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, and SIERRA CLUB, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency, and CHRIS HLADICK, in his official capacity as Regional Administrator of the United States Environmental Protection Agency Region 10, <br><br> Defendants, <br><br> STATE OF ALASKA, <br><br> Defendant-Intervenor | Case No. 2:18-cv-01803-TSZ <br><br> **[PROPOSED] CONSENT DECREE** |

WHEREAS, on December 18, 2018, Citizens for Clean Air and Sierra Club ("Plaintiffs") filed the above-captioned matter against Andrew Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency, and Chris Hladick, in his official capacity as Regional Administrator of the United States Environmental Protection Agency, Region 10 (collectively, "EPA");

1 WHEREAS, Plaintiffs allege that EPA has failed to undertake a certain non-discretionary duty under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2);

WHEREAS, EPA revised the 24-hour fine particulate matter ("PM$_{2.5}$") National Ambient Air Quality Standard ("NAAQS") from 65 micrograms per cubic meter to 35 micrograms per cubic meter on October 17, 2006;

WHEREAS, EPA designated a portion of the Fairbanks North Star Borough ("Area") nonattainment for the 2006 24-hour PM$_{2.5}$ NAAQS, and classified the Area as a "moderate" nonattainment area on December 14, 2009;

WHEREAS, on May 10, 2017, EPA published a finding that the Area failed to attain the 2006 24-hour PM$_{2.5}$ NAAQS by the moderate area attainment date of December 31, 2015;

WHEREAS, as a consequence of this finding and by virtue of section 188(b)(2) of the CAA, 42 U.S.C. § 7513(b)(2), effective June 9, 2017, the Area was reclassified from a "moderate" to a "serious" nonattainment area, which required the State of Alaska to make a serious area state implementation plan ("SIP") submission in accordance with title I, part D, subparts 1 and 4 of the CAA and 40 C.F.R. part 51, subpart Z;

WHEREAS, Plaintiffs allege that EPA failed to perform a duty mandated by CAA section 110(k)(1)(B), 42 U.S.C. § 7510(k)(1)(B), by failing to determine whether the State of Alaska has made an administratively complete SIP submission intended to meet serious area nonattainment plan requirements for purposes of the 2006 24-hour PM$_{2.5}$ NAAQS in the Area by the deadline triggered by the EPA's May 10, 2017 finding that the Area failed to attain the 2006 24-hour PM-2.5 NAAQS by December 31, 2015, and failing to publish a notice in the Federal Register setting forth that determination;

WHEREAS, the relief requested in the Complaint is an order from this Court to establish a date certain by which EPA must make and publish a determination whether the State of Alaska has made an administratively complete SIP submission intended to

meet serious area nonattainment plan requirements for purposes of the 2006 24-hour PM$_{2.5}$ NAAQS in the Area;

WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(e);

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and EPA, it is hereby ordered, adjudged and decreed that:

1. No later than January 15, 2020, EPA shall sign a notice of final rulemaking determining whether the State of Alaska has made an administratively complete SIP submission intended to meet serious area nonattainment plan requirements for purposes of the 2006 24-hour PM$_{2.5}$ NAAQS in the Fairbanks North Star Borough.

2. EPA shall, within 15 business days after signature of the final rulemaking described in Paragraph 1, deliver the notice of action taken pursuant to Paragraph 1 to the Office of the Federal Register for review and publication.

3. After EPA has completed the action set forth in Paragraph 1 of this Consent Decree and after notice of that action has been published in the Federal Register and the issue of costs of litigation, including reasonable attorneys' fees, has been resolved, EPA may move to have this Decree terminated and the action dismissed. Plaintiffs shall have fourteen (14) days in which to respond to such a motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

4. The deadlines established by this Consent Decree may be extended: (a) by written stipulation of Plaintiffs and EPA with notice to the Court; or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA.

5. If a lapse in appropriations occurs within one hundred and twenty (120) days prior to the deadline set forth in Paragraph 1 of this Consent Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking additional time pursuant to Paragraph 4.

6. Plaintiffs and EPA agree that this Consent Decree shall constitute a complete and final settlement of all claims that Plaintiffs have asserted against the United States, including EPA, under any provision of law, in connection with *Citizens for Clean Air v Wheeler*, Case No. 2:18-cv-01803 (W.D. Wash.). Plaintiffs therefore discharge and covenant not to sue the United States, including EPA, for any such claims.

7. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

8. No motion seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 7 has been followed, and the non-moving party has been provided with written notice at least ten (10) business days before the filing of such motion.

9. The deadline for filing a motion for costs of litigation (including reasonable attorneys' fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including reasonable attorneys' fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including reasonable attorneys' fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

10. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including reasonable attorneys' fees.

11. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action pursuant to section 110(k)(1)(B) of the CAA, 42 U.S.C. § 7510(k)(1)(B), determining whether the State of Alaska submitted an administratively complete serious area nonattainment SIP addressing the 2006 24-hour $PM_{2.5}$ NAAQS in the Area, or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

12. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not

constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

13. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

14. Plaintiffs reserve the right to seek additional costs of litigation, including reasonable attorneys' fees, incurred subsequent to entry of this Consent Decree and arising from Plaintiffs' need to enforce or defend against efforts to modify its terms or the underlying schedule outlined herein, or for any other unforeseen continuation of this action.  EPA reserves the right to oppose any such request for additional costs of litigation, including reasonable attorneys' fees.

15. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA.  Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

16. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g).  After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g).  If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

17.  Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

<u>For Plaintiffs Citizens for Clean Air and Sierra Club</u>:

    Erik Grafe
    Earthjustice
    441 W 5th Avenue, Suite 301
    Anchorage, AK  99501
    Tel: (907) 792-7102
    Email: egrafe@earthjustice.org

    Jeremy Lieb
    Earthjustice
    441 W 5th Avenue, Suite 301
    Anchorage, AK  99501
    Tel: (907) 277-2500
    Email: jlieb@earthjustice.org

    Kristen L. Boyles
    Earthjustice
    705 Second Avenue, Suite 203
    Seattle, WA 98104
    Tel: (206) 343-7340
    Email: kboyles@earthjustice.org

<u>For Defendant EPA</u>:    Sheila Baynes
    U.S. Department of Justice
    Environment & Natural Resources Division
    Environmental Defense Section
    601 D Street N.W., Suite 8000
    Washington D.C.  20004
    Tel. (202) 514-2617
    Email: sheila.baynes@usdoj.gov

18.  EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate

or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

20. The undersigned representatives of Plaintiffs Citizens for Clean Air and Sierra Club and Defendant EPA certify that they are fully authorized by the party or the parties they represent to consent to the Court's entry of the terms and conditions of this Decree.

SO ORDERED on this _____ day of _____, in the year _____.

_____
The Hon. Thomas S. Zilly
UNITED STATES DISTRICT JUDGE

COUNSEL FOR PLAINTIFFS:   *s/ Jeremy C. Lieb*
Jeremy C. Lieb (WA Bar #47219)
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK  99501
Tel: (907) 277-2500
Email: jlieb@earthjustice.org

Erik Grafe (AK Bar #0804010)
(admitted *pro hac vice*)
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK  99501
Tel: (907) 792-7102
Email: egrafe@earthjustice.org

Kristen L. Boyles
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
Tel: (206) 343-7340
Email: kboyles@earthjustice.org

*Attorneys for Citizens for Clean Air, a project of Alaska Community Action on Toxics, and Sierra Club*

COUNSEL FOR DEFENDANT:  JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment & Natural Resources Division


*/s/ Sheila Baynes*
SHEILA BAYNES
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Tel. (202) 514-2617
Email: sheila.baynes@usdoj.gov

*Attorney for Defendant EPA*

Of counsel:

Geoffrey L. Wilcox
Office of General Counsel
U.S. Environmental Protection Agency

Brett Dugan
Assistant Regional Counsel, Region 10
U.S. Environmental Protection Agency